THE CLEVELAND RAILWAY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52868.    Promulgated September 30, 1935.

*Paul L. Holden, Esq.,* and *H. J. Crawford, Esq.,* for the petitioner.
*Bruce A. Low, Esq., Dean Kimball, Esq.,* and *L. H. Rushbrook, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The notice of deficiency as to which this proceeding is prosecuted disclosed deficiencies aggregating $547,089.57 for the years 1922, 1924, 1925, 1926, and 1927 and an overassessment of $44,983.77 for 1928. Error was alleged in the determination of allowable depreciation. The case came on for hearing and the parties stipulated that the correct tax liability of petitioner for the several years was as follows:

| Year | Deficiency | Overpayment | Year | Deficiency | Overpayment |
|---|---|---|---|---|---|
| 1922 | $59,551.54 | | 1926 | | $65,055.33 |
| 1924 | 60,018.30 | | 1927 | $24,607.15 | |
| 1925 | 108,514.64 | | 1928 | | 83,126.37 |

It was further stipulated that "no portion of the overpayment of $83,126.37 is claimed by the petitioner, since no formal claim for refund of this amount was filed within the period of limitations prescribed therefor."

The sole issue before us relates to the filing of an alleged claim for refund for 1926, as to which the parties stipulated "that the above stipulated amounts of deficiencies and overassessments shall be conclusive upon both parties but that either party may introduce evidence with respect to whether or not a claim for refund in the sum of $54,475.42 was properly filed and, if so, whether it was filed in due time for the year 1926."

The parties also stipulated the following:

That $54,475.42 of the total overassessment for 1926 amounting to $65,055.33 resulted from findings of the Revenue Agent in his report of June 11, 1930. The tax for 1926 was paid in four installments as follows:

| | |
|---|---|
| March 18, 1927 | $64,924.79 |
| June 15, 1927 | 64,924.79 |
| Sept. 16, 1927 | 70,335.19 |
| Dec. 15, 1927 | 70,335.19 |
| Total | $270,519.96 |

From the above it appears that the parties are in agreement as to all matters excepting solely whether a sufficient claim for refund was timely filed for 1926 so as to satisfy the requirements of section 504 (c) of the Revenue Act of 1934. As to this issue testimony was heard.

The facts established by the record as to a refund claim for 1926 are that on June 11 or 12, 1930, the revenue agent had completed his audit of petitioner's tax returns for the years 1922 to 1929, and had prepared a proposed report on the same which he exhibited to Paul

E. Wilson, an official of petitioner. Subsequently a typed copy of the report was furnished to petitioner. This report showed an over-assessment of $54,475.42 for 1926.

Among the papers prepared by the revenue agent and exhibited to petitioner on June 11, 1930, was a claim for refund made out on Treasury form 843. This paper was signed and acknowledged by Wilson on June 11, 1930, and on June 14, 1930, with a letter of transmittal addressed to C. F. Routzahn, Collector of Internal Revenue, Federal Building, Cleveland, Ohio, was delivered to an office messenger to take the same to the company's mail room. Wilson took the precaution of telephoning the mail room to assure himself the document would be included in the outgoing 12 o'clock mail and taken to the post office.

With the delivery to the messenger the direct evidence ceases. The messenger was not identified. No one testified to placing the letter in the mails. The only evidence on this point dealt with the general methods of handling and posting the company mail.

The record reveals no evidence of delivery to the post office, of receipt by the collector's office, of transmittal to the Commissioner's office in Washington, nor of its receipt in Washington. There is no record in any of the files of the sort customarily kept of refund claims, i. e., no card in the collector's file of claims for refund, no notation under " remarks " in the "Assessment List ", no letter of acknowledgment from the collector nor any retained copy thereof, no retained copy of letter of transmittal to the Commissioner in the files of the collector, no record of receipt in the Commissioner's office and no correspondence in the Commissioner's office dealing with the claim.

The only shred of testimony as to receipt, and on this slender reed petitioner leans heavily, is found in the statement of an employe of the Commissioner's office to petitioner's attorney that he recalled seeing such a claim, although this he weakened by retraction on reflection, and a statement by this same employe in reference to petitioner's claim for refund for 1926 found in the discussion of petitioner's claims for other years. Though this testimony gives us pause, we are forced to the conclusion by the overwhelming preponderance of the evidence that petitioner never filed a claim for refund for the year 1926.

Deficiencies for the several years and in the amounts above set out are hereby redetermined.

*Decision will be entered under Rule 50.*